IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN L. TILLEY,

        Plaintiff,                  No. CIV S-05-0228 LKK GGH PS

  vs.

PETER WEISER, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        Determining plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint, or portion thereof, fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

The court cannot determine whether the complaint is frivolous or can be amended to state a claim, because it does not comply with Fed. R. Civ. P. 8. Rule 8 sets forth general rules of pleading for the Federal Courts. Rule 8(a) requires complaints to include: (1) the grounds upon which the court's jurisdiction rests; (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for relief. The complaint does not meet the first two of these requirements.

The court is unable to determine a jurisdictional basis for this action. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from

time to time ordain and establish." Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945). A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. See Hagans v. Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

The complaint alleges "violations of Federal Law or Federal Statutes" arising from "the release of private and Federally protected information released by the VA Sierra Nevada Health Care System." Plaintiff alleges that the "Federally Protected Materials were mishandled and misused to wit: The unauthorized transfer of the documents, unauthorized publication of the documents and arbitrary judgment using the documents as a basis." Based on his complaint, it appears plaintiff contests the use of his medical records for use in a California juvenile dependency proceeding. That proceeding resulted in an order adjudicating plaintiff's stepchildren dependents of the court.[1]

\\\\\

---

[1] The undersigned notes that plaintiff's ex-spouse, Kathy Tilley, has filed at least two complaints with this court seeking review of these dependency proceedings. Portions of this complaint appear to be a reprise of the allegations made in those cases, both of which were dismissed by this court. See Tilley v. Superior Court of the State of California, Case No. 2:01-cv-2277 and Tilley v. Superior Court of the State of California, Case No. 2:05-cv-0636.

3

1  Here, plaintiff alleges, among other things, that: (1) the Department of Veterans
2  Affairs improperly handled the request for release of his medical records since the records they
3  released came from his physician Peter Weiser's "private files" rather than from the agency's
4  "medical files"; (2) representatives of the court in California required his wife (Kathy Tilley) to
5  divorce him; (3) the unlawful disclosure of his medical records wrongfully made him "subject to
6  California law" in violation of the Fourteenth Amendment; (4) "Anthony Urquiza" wrongfully
7  reported plaintiff as a "felon child molester" in California; (5) the Sacramento County
8  Department of Health and Human Services and its agents wrongfully used plaintiff's medical
9  records; (6) Judge Charles Kobiashi wrongfully used plaintiff's medical records and related
10 reports in ordering plaintiff's stepchildren dependents of the court; and, (7) that Attorney Peter
11 Helfer also violated various laws in using plaintiff's medical records.

12  Apart from citing various constitutional amendments, the only federal laws
13 plaintiff cites are "5 U.S.C. § 552", "38 U.S.C. 5101§1.576a" and "VBA Publication 1605.1."

14  The court assumes plaintiff's citation to 5 U.S.C. § 552 is intended as a citation to
15 5 U.S.C. § 552a, which contains conditions of disclosure for documents maintained by a
16 government agency. See 5 U.S.C. § 552a. That statute does not contain a broad prohibition on
17 disclosure of agency records, and in fact provides several circumstances in which disclosure is
18 permitted, including disclosures "to an instrumentality of any governmental jurisdiction within ...
19 the United States" or "pursuant to the order of a court of competent jurisdiction." Both of these
20 circumstances appear to apply to the scenario explained in the complaint, i.e., juvenile
21 dependency proceedings concerning plaintiff's stepchildren. To the extent plaintiff means to
22 refer to 5 U.S.C. § 552, this statute is general in nature and sets forth requirements for federal
23 agencies concerning their rules, opinions, records and proceedings.

24  Plaintiff's citation to "VBA Publication 1605.1" and alternatively to "VHA
25 Publication 1605.1" appears to be a reference to a Veterans' Affairs handbook. Plaintiff fails to
26 explain any legal weight or authority this document may have, and does not explain how it might

4

provide a basis for this court's jurisdiction or establish a federal cause of action.

The court assumes plaintiff's citation to "38 U.S.C. 5101 § 1.576a" is in fact a citation to 38 U.S.C. § 5701. This statute is more relevant to plaintiff's allegations insofar as it establishes the confidential nature of Veterans' Benefits claims. See 38 U.S.C. § 5701. However, this statute does not establish a cause of action for the wrongful release of a veteran's medical records. In fact, the statute states in relevant part, that the "Secretary shall make disclosure of such files, records, reports, and other papers and documents . . . in any suit or other judicial proceeding when in the judgment of the Secretary such disclosure is deemed necessary and proper." 38 U.S.C. § 5701(b)(5).

None of the allegations or legal citations in the complaint provide a basis for this court's jurisdiction, nor do they appear to establish a federal cause of action. It is plaintiff's obligation to state the basis of the court's jurisdiction in the complaint, and plaintiff has not done so.

The requirement of a short and plain statement means a complaint must include "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Again, the complaint contains only broad allegations against myriad defendants, and does not contain allegations specific enough to put defendants on notice of any claims against them. See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (vague and scanty allegations fail to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).

Because the complaint fails to articulate grounds upon which the court's jurisdiction rests and a short and plain statement of the claim showing entitlement to relief, plaintiff will be permitted to file an amended complaint in order to cure these deficiencies.

Plaintiff is informed the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 15-220 requires that an amended complaint be

complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.1981), and defendants not named in an amended complaint are no longer defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

Accordingly, IT IS ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. The complaint is dismissed, with leave to file an amended complaint within thirty days of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.  PLAINTIFF IS ADVISED THAT ANY FUTURE FILINGS SHOULD REFER TO THE CIVIL CASE NUMBER ON PAGE ONE OF THIS ORDER.

DATED: 11/22/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:mb
Tilley228.ifp